706 A.2d 252

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. PEDRO CORREA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 2, 1998—Decided February 24, 1998.

482

Before Judges PETRELLA and EICHEN.

*Dennis A. Cipriano,* argued the cause for appellant (*Dennis A. Cipriano,* attorney; *Robert C. Pierce,* on the brief).

*Raymond W. Hoffman,* Assistant Prosecutor, argued the cause for respondent (*Patricia A. Hurt,* Essex County Prosecutor, attorney; *Mr. Hoffman,* of counsel and on the brief).

The opinion of the court was delivered by

EICHEN, J.A.D.

This appeal requires us to decide whether defendant Pedro Correa was denied his Sixth Amendment right to compulsory process as the result of a plea agreement between the prosecutor and co-defendant Angel Colon. As part of the plea agreement, Colon agreed not to testify at Correa's murder trial in return for the State's promise not to seek an extended fifty-year term sentence. Correa was the driver of a vehicle used by Colon to escape apprehension after Colon shot and killed Hector Cruz, wounded Cruz's brother, and shot at an off-duty police officer in Newark on October 11, 1995.

Correa, Colon and co-defendant Alfredo Cruz were indicted for murder, *N.J.S.A.* 2C:11–3a (count one), second degree aggravated assault, *N.J.S.A.* 2C:12–1b(1) (count two), third degree unlawful possession of a weapon, *N.J.S.A.* 2C:39–5b (count three), second

degree possession of a weapon for an unlawful purpose, *N.J.S.A.* 2C:39–4a (count four), and third degree receiving stolen property, *N.J.S.A.* 2C:20–7 (count five).[1]

On December 9, 1996, Correa filed a severance motion seeking to bifurcate his trial from Colon's trial. In support of the motion, Correa's attorney certified that he understood that Colon "was able to testify that Correa had no prior knowledge that Colon had possessed a firearm or that a shooting incident would occur." When the judge asked Colon whether he would give favorable testimony for Correa, Colon requested a day to decide, stating that he could not say "right now." [2] The judge denied Correa's severance motion, concluding that Colon intended to exercise his Fifth Amendment right and would not testify at trial.

On December 10, 1996, Colon pleaded guilty to all of the charges in the indictment. Unbeknownst to Correa's attorney, Colon had agreed not to testify for Correa in exchange for the prosecutor's agreement not to request an extended fifty-year term sentence. Nothing was stated on the record about the "no testimony" restriction imposed as a condition of the plea offer, nor was the restriction disclosed in the plea form.[3] After Colon gave a factual basis for the plea, the court asked Correa's attorney whether he intended to call Colon "as a potential witness possibly on behalf of his client" and asked Colon's attorney whether Colon's position had changed now that he had pleaded guilty. Without revealing that Colon had made a deal with the prosecutor

---

[1] The court severed Alfredo Cruz's trial from the trial of Correa and Colon because his statements implicated both Colon and Correa in the crimes. At the trial, despite having been given immunity from further prosecution, Alfredo Cruz recanted a prior statement and testified in favor of Correa.

[2] The record reflects that Colon appeared more interested in trying to get a plea bargain for himself than helping Correa.

[3] *See State v. Fort*, 101 *N.J.* 123, 501 A.2d 140 (1985) (holding that a requirement that co-defendants agree not to testify favorably for defendant as part of their plea agreement violated defendant's right to compulsory process).

not to testify, Colon's attorney stated that they "[would] not honor a subpoena" because Colon was exercising his Fifth Amendment right not to testify. The attorney stated:

It is our intention and [our] client's intention not to testify for either the State or ... the defense in this particular case. Our position is, he has not been sentenced. He has an absolute right to remain silent. We put the State on notice, and now on the record we are putting everyone on notice he is not going to be a witness for or against anyone in this particular case.

The next day, immediately prior to trial, Correa's attorney learned of the "no testimony" restriction and placed on the record his strong objections to the manner in which the State and co-counsel had proceeded with respect to the plea. The prosecutor responded that she had not "extracted" the promise from Colon and that she had merely indicated her intention to request an extended term, implying that Colon had offered not to testify if the prosecutor would agree to waive her right to ask for an extended term sentence. The prosecutor also contended that she believed her actions were laudatory because she had saved Colon from perjuring himself in light of the strong evidence of Correa's guilt.

Despite the protestations of Correa's attorney and Colon's equivocal statements concerning whether he would testify, the court rejected defendant's arguments and proceeded to trial. On December 16, 1996, Correa was convicted of aggravated man-slaughter but was acquitted of murder and aggravated assault. The jury was unable to reach a verdict on the weapons charges.[4]

On December 20, 1996, Correa unsuccessfully argued a motion for bail pending sentence and appeal. Subsequently, he filed a motion for a judgment of acquittal or for a new trial. In each of these motions, Correa continued to raise the constitutional argu-ment that the impropriety of the "no testimony" restriction in the plea agreement was a violation of his Sixth Amendment right to compulsory process. During the hearing on the motion for a new trial, the court acknowledged that it had received a letter allegedly

---

[4] The receiving stolen property charge was dismissed prior to trial.

from Colon dated December 20, 1996, indicating that he would have testified on defendant's behalf if the State had not threatened him with an extended sentence. Specifically, the letter stated:

> I would have testified in the trial of Pedro Correa. I did not testify because the State Prosecutor told me that if I testified the State would have sentenced me to more time. The State was notified that my testimony would have helped Pedro Correa.

■ The judge rejected defendant's motion for a new trial. In so doing, the court distinguished *State v. Fort*, 101 *N.J.* 123, 501 *A.*2d 140 (1985), observing that the instant case was different because in *Fort* the State required that the co-defendant agree not to testify in return for the plea itself, whereas here, the State merely agreed not to seek an extended term if the co-defendant agreed not to testify. Therefore, the court reasoned that the "no testimony" restriction was not an integral part of the plea agreement as it was in *Fort*. The court also indicated that although the prosecutor may recommend an appropriate sentence, sentencing is completely within the court's discretion and that it might not have imposed an extended sentence.

■ We disagree that *Fort* did not prohibit this plea arrangement and reverse. In *Fort*, the Supreme Court clearly stated that:

> Once the State extracts a promise not to testify as a condition of a plea agreement, it is practically impossible to determine whether a witness refused to testify because of the privilege against self-incrimination or because of a desire to perform the promise. To secure the benefit of the agreement, a defendant must meticulously satisfy the conditions of the plea. Consequently, a defendant who announces the intention "to take the fifth," as Brown declared in this case, may be effectuating or masking compliance with the "no testimony" condition. Stated otherwise, one method of preserving rights under the plea agreement is to assert the privilege against self-incrimination. As a result, we cannot ascribe the loss of the co-defendants' testimony to trial strategy, rather than to the restriction in the agreement.

[*Id.* at 131, 501 *A.*2d 140.]

The existence of the plea agreement between Colon and the State obscured the basis for Colon's decision not to testify at the time of the trial. In other words, we do not know whether Colon's decision not to testify was because he exercised his Fifth Amend-

ment right not to testify or because he wanted to secure the benefit of the State's offer not to seek an extended term sentence. Nor would a remand for a plenary hearing to determine the reasons for Colon's failure to testify be satisfactory because such a hearing cannot remedy a violation of the Sixth Amendment of the .Constitution. *Ibid.*

Moreover, the State's efforts to justify their conduct in this matter are unavailing. While it is true that the prosecutor could not control Colon's sentence because the decision whether to impose an extended term was solely within the court's discretion, Colon's awareness that the court could impose such a sentence "could have exerted sufficient duress on him to preclude him from making a free and voluntary choice to testify." *State v. Vassos,* 237 *N.J.Super.* 585, 594, 568 *A.*2d 583 (App.Div.1990). Equally futile is the State's claim that its evidence of defendant's complici- ty in the shooting is so persuasive that Colon would have commit- ted perjury if he had testified.[5] It was still possible that Colon's testimony could have created reasonable doubt in the minds of the jury regarding Correa's guilt. This is especially true where the other co-defendant, Alfredo Cruz, gave exculpatory testimony at Correa's trial and where the credibility of the victim's brother, Hector Cruz, one of the State's main witnesses, was seriously compromised by evidence of his prior criminal record and pending charges. *See State v. Vassos, supra,* 237 *N.J.Super.* at 595, 568 *A.*2d 583 (finding that excluding the testimony of an "admitted perpetrator" was prejudicial because the testimony may have created reasonable doubt as to defendant's guilt). We also note that at least one court has observed that the type of error here will almost always be harmful "because a court will seldom be able

---

5 The prosecutor's belief that Colon would have committed perjury by testify- ing in Correa's favor is irrelevant. It is not the prosecutor's function to determine who is telling the truth and who is credible; that is a responsibility left to the jury in our criminal justice system. Likewise, we strongly disapprove of the prosecutor's failure to disclose the "no testimony" condition of the plea offer. But for the State's concealment of the condition, this appeal might have been averted.

to determine exactly what evidence would have been brought out had the witness been allowed to testify freely." *See State v. Asher,* 18 *Kan.App.*2d 881, 861 *P.*2d 847, 852 (1993). Consequently, we decline to remand for a preliminary hearing to determine whether Colon will actually testify favorably for Correa at a new trial. We conclude that that question is better resolved during the retrial.

Reversed and remanded for a new trial.[6]

---

[6] In view of our reversal, we do not address Correa's contention that the State was required to give him use immunity.